# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GARY SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case Number: 06-1797 (RWR) |
| | ) | |
| FEDERAL BUREAU OF PRISONS a/k/a | ) | |
| DEPARTMENT OF JUSTICE, | ) | |
| | ) | |
| Defendants. | ) | |

## FEDERAL DEFENDANT'S MOTION TO DISMISS OR,
## IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Federal Defendant, the Federal Bureau of Prisons ("BOP"), respectfully moves this Court

pursuant to Federal Rule of Civil Procedure 12(b)(6), for an order dismissing the Complaint for

failure to state a claim. Alternatively, defendant respectfully requests summary judgment in its

favor, pursuant to Federal Rule of Civil Procedure 56, on the ground that no genuine issue of

material fact exists and defendant is entitled to judgment as a matter of law.[1]

---

[1] Plaintiff should take notice that any factual assertions contained in the documents in
support of this motion will be accepted by the Court as true unless the plaintiff submits his own
affidavit or other documentary evidence contradicting the assertions in the documents. See Neal
v. Kelly, 963 F.2d 453, 456-57 (D.C. Cir. 1992), Local Rule 7.1 and Fed. R. Civ. P. 56(e), which
provides as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall
> set forth such facts as would be admissible in evidence, and shall show
> affirmatively that the affiant is competent to testify to the matters stated therein.
> Sworn or certified copies of all papers or parts thereof referred to in an affidavit
> shall be attached thereto or served therewith. The court may permit affidavits to
> be supplemented or opposed by depositions, answers to interrogatories, or further
> affidavits. When a motion for summary judgment is made and supported as
> provided in this rule, an adverse party may not rest upon the mere allegations or
> denials of the adverse party's pleading, but the adverse party's response, by
> affidavits or as otherwise provided in this rule, must set forth specific facts
> showing that there is a genuine issue for trial. If the adverse party does not so

In support of this motion, defendant submits the accompanying Memorandum of Points and

Authorities, Administrative Record, and Declaration of Sharon Wahl.

Respectfully  submitted,

       _____Jeffrey A. Taylor_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

       _____Rudolph Contreras_____
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

       _____s/Sherease Louis_____
SHEREASE LOUIS
Special Assistant United States Attorney
United States Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530
202-307-0895/ FAX 202-514-8780
sherease.louis@usdoj.gov

**OF COUNSEL:**
Lara Crane, Esq.
United States Department of Justice
Federal Bureau of Prisons
Beckley, West Virginia

---

respond, summary judgment, if appropriate, shall be entered against the adverse
party.

Fed. R. Civ. P. 56(e).

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **GARY SMITH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case Number: 06-1797 (RWR)** |
| | ) | |
| **FEDERAL BUREAU OF PRISONS a/k/a** | ) | |
| **DEPARTMENT OF JUSTICE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANT'S STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE

Pursuant to Federal Rule of Civil Procedure 56 and Local Civil Rule 7(h), defendant respectfully submits the following statement of material fact as to which there is no genuine issue:

1.    In letters dated July 13, 2005, July 26, 2005, August 3, 2005, August 4, 2005, and August 5, 2005, plaintiff, while an inmate at the Federal Correctional Institution ("FCI") Gilmer, West Virginia, requested various records from the Federal Bureau of Prisons ("BOP"), pursuant to the Freedom of Information Act ("FOIA") and the Privacy Act. A.R. 01-05.

2.    The requests included "any and all" information regarding four administrative tort claims filed by plaintiff with the BOP, certain BOP Program Statements, and an organizational chart for the mail room at FCI Gilmer.  A.R. 01-05.

3.    Defendant processed the requests under FOIA and aggregated plaintiff's requests. A.R. 06.

4.    By letter dated August 30, 2005, defendant informed plaintiff that staff had identified approximately 757 pages responsive to his requests and that the approximate fee for copying would be $65.70.  A.R. 06.

5.    Defendant further informed plaintiff that, in accordance with 28 C.F.R.
§ 16.11(e), defendant was notifying plaintiff in advance that the anticipated fee would exceed
$25.00.  A.R. 06.  Additionally, plaintiff was provided the opportunity to reformulate his requests
to meet his needs at a lower cost, or to forward a payment of $65.70.  A.R. 06.

6.    In a letter dated August 30, 2005, defendant denied plaintiff's request for a fee
waiver, on the grounds that plaintiff failed to meet the two conditions set forth in 28 C.F.R.
§ 16.11: (1) that the requested information is in the public interest; and (2) that the requested
information is not primarily in the commercial interest of the requester.  A.R. 06.

7.    Defendant's letter denying plaintiff's request for a fee waiver noted that plaintiff
did not make a credible showing of a contribution to the public's understanding that would result
from disclosure of the requested records, and that indigence alone does not entitle plaintiff to a
fee waiver.  A.R. 06.

8.    Defendant further advised plaintiff that his requests would be deemed not
received until receipt of either plaintiff's reformulated request or payment of the requisite fees.
A.R. 07.

9.    Plaintiff responded by filing an administrative appeal with the Department of
Justice Office of Information and Privacy renewing his request for a fee waiver and arguing that
his requests were of significant public understanding of government operations or activities.
A.R.  08.

10.    In a letter dated July 31, 2006, the Office of Information and Privacy affirmed the
denial of plaintiff's request for a fee waiver, and informed plaintiff of his right to seek judicial
review of the decision.  A.R. 15-16.

2

11.    On October 18, 2006, plaintiff filed the Complaint in the instant case.

Respectfully submitted,

_____Jeffrey A. Taylor_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


_____Rudolph Contreras_____
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney


_____s/Sherease Louis_____
SHEREASE LOUIS
Special Assistant United States Attorney
United States Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530
202-307-0895/ FAX 202-514-8780
sherease.louis@usdoj.gov

**OF COUNSEL:**
Lara Crane, Esq.
United States Department of Justice
Federal Bureau of Prisons
Beckley, West Virginia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GARY SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case Number: 06-1797 (RWR) |
| | ) | |
| FEDERAL BUREAU OF PRISONS a/k/a | ) | |
| DEPARTMENT OF JUSTICE, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT
OR, IN THE ALTERATIVE, FOR SUMMARY JUDGMENT

INTRODUCTION

Federal defendant, Federal Bureau of Prisons ("BOP"), moves to dismiss this suit,

pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff Gary Smith, a federal

inmate proceeding *pro se*, made five separate FOIA requests between July 13, 2005, and August

5, 2005, a period of less than 30 days, seeking numerous documents from the BOP pursuant to

the Freedom of Information Act ("FOIA")[2] and the Privacy Act.[3]  As is evident from the

Administrative Record, and as set forth in the accompanying declaration of Sharon Wahl ("Wahl

Decl."), defendant properly deemed plaintiff's FOIA requests not received after plaintiff (1)

failed to remit payment of the required fees, and (2) failed to demonstrate that he meets the

requirements for a fee waiver. Because the plaintiff did not pay the required fees to process his

FOIA request, and did not demonstrate that he is entitled to a fee waiver, defendant properly

closed plaintiff's FOIA request. Further, defendant properly upheld the determination after

---

[2]  See 5 U.S.C. § 552.

[3]  See 5 U.S.C. § 552a.

plaintiff administratively appealed the determination to the U.S. Department of Justice's Office of Information and Privacy. Accordingly, this action should be dismissed or, alternatively, summary judgment should be granted in favor of the defendant.

## BACKGROUND

Plaintiff is currently confined at the United States Penitentiary ("USP"), Coleman, Florida, also known as USP Coleman II. (Wahl Decl., attached as Exhibit A hereto). Plaintiff's projected release date via good conduct time is August 22, 2019. (Wahl Decl.). Plaintiff was previously confined at the Federal Correctional Institution ("FCI") Gilmer, West Virginia. While there, in letters dated July 13, 2005, July 26, 2005, August 3, 2005, August 4, 2005, and August 5, 2005, plaintiff requested numerous records from the BOP pursuant to the FOIA and the Privacy Act. The requests included "any and all" information regarding four administrative tort claims filed by plaintiff with the BOP, certain BOP Program Statements, and an organizational chart for the mail room at FCI Gilmer. A.R. 01-05. Defendant processed the requests under the FOIA and aggregated plaintiff's requests in accordance with 28 C.F.R. § 16.11(h). A.R. 06.

By letter dated August 30, 2005, defendant informed plaintiff that BOP had identified approximately 757 pages responsive to his requests and that the approximate fee for copying would be $65.70. A.R. 06. Defendant further informed plaintiff that, in accordance with 28 C.F.R. § 16.11(e), he was being provided advanced notice that the expected fee would exceed $25.00. A.R. 06. Additionally, plaintiff was given the opportunity to reformulate his requests to meet his needs at a lower cost, or to forward a payment of $65.70. A.R. 06, *see also* 28 C.F.R. § 16.11(e). In the same letter, defendant denied plaintiff's request for a fee waiver, noting that plaintiff failed to meet the two conditions set forth in 28 C.F.R. § 16.11: (1) that the requested

2

information is in the public interest; and (2) that the requested information is not primarily in the commercial interest of the requester.  A.R. 06.  Defendant's letter noted that there was no credible showing of a contribution to the public's understanding that would result from disclosure of the requested records, and that indigence alone does not entitle one to a fee waiver.  A.R. 06-07.  Defendant's letter further informed plaintiff that plaintiff's FOIA requests would be deemed not received until receipt of either plaintiff's reformulated request or payment of the requisite fees.  A.R. 07.

Plaintiff responded by filing an administrative appeal renewing his request for a fee waiver, and arguing that his requests were of significant public understanding of government operations or activities.  A.R. 08.  By letter, dated July 31, 2006, the Office of Information and Privacy affirmed the denial of plaintiff's request for a fee waiver and informed plaintiff of his right to seek judicial review of the decision.  A.R. 15-16.  On October 18, 2006, plaintiff filed the Complaint in the instant case, challenging the denial of his fee waiver request and the aggregation of his FOIA requests.

## STANDARD OF REVIEW

A court's review of an agency's decision to grant or deny a request for a fee waiver is conducted "de novo, looking only to the administrative record before the agency at the time of the decision." *D.C. Technical Assistance Organization v. U.S. Dept. of Housing and Urban Development*, 85 F.Supp.2d 46, 48 (D.D.C. 2000); *see also*, *Campbell v. U.S. Dept. of Justice*, 164 F.3d 20, 35 (D.C.Cir. 1998); *Rozet v. Dept. of Housing and Urban Development*, 59 F.Supp.2d 55, 56 (D.D.C. 1999).

3

## ARGUMENT

### I.     BOP Has Fulfilled Its FOIA Obligations to Plaintiff

#### A.     Applicable Fee Requirements Governing FOIA Requests

Pursuant to the FOIA, "each agency shall promulgate regulations . . . specifying the schedule of fees applicable to the processing of requests under this section and establishing procedures and guidelines for determining when such fees should be waived or reduced." 5 U.S.C. § 552(a)(4)(A)(I).  While an agency is permitted to charge a reasonable fee for searching, copying, and reviewing its files, the FOIA does provide that "[d]ocuments shall be furnished without charge . . . if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester."  5 U.S.C. § 552(a)(4)(A)(iii).

Pursuant to these provisions, the BOP has promulgated regulations for determining how FOIA requests are to be processed and when fees should be waived.  *See* 28 C.F.R. § 16.11. BOP may grant a full or partial waiver of fees if a requester can demonstrate that disclosure of the information sought in a FOIA request (1) is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government, and (2) is not primarily in the commercial interest of the requester.  5 U.S.C. §552(a)(4)(A)(iii); 28 C.F.R. §16.11(k)(1)(I) and (ii).  *See Judicial Watch, Inc. v. DOJ*, 365 F.3d 1108, 1126 (D.C. Cir. 2004).  In order to be eligible for a fee waiver, a requester must establish that both prongs of the analysis have been satisfied. *See Samuel Gruber Education Project*, 24 F.Supp.2d 1, 10 (D.D.C. 1998).

4

**B.    Plaintiff Does Not Qualify for a Fee Waiver Because Disclosure of the Records to Plaintiff Will Not Contribute Significantly to the Public's Understanding of Government Operations or Activities**

The BOP's regulations require the agency to consider four factors in determining whether requested information is sufficiently likely to be in the public interest, i.e., whether it would contribute significantly to public understanding of the operations or activities of the government.  28 CFR § 16.11(k)(2)(i)-(iv).  Specifically, the agency is required to consider:

> (i) the subject of the request: Whether the subject of the requested records concerns "the operations or activities of the government";
> (ii) the informative value of the information to be disclosed: Whether the disclosure is "likely to contribute" to an understanding of government operations or activities;
> (iii) the contribution to an understanding of the subject by the public likely to result from disclosure: Whether disclosure of the requested information will contribute to the "public understanding"; and
> (iv) the significance of the contribution to public understanding: Whether the disclosure is likely to contribute "significantly" to public understanding of government operations or activities.

28 C.F.R. § 16.11(k)(2)(i)-(iv).  In addition, the BOP's regulations provide that:

> When a component determines or estimates that the fees to be charged under this section will amount to more than $25.00, the component shall notify the requester of the actual or estimated amount of the fees, unless the requester has indicated a willingness to pay fees as high as those anticipated. . . .  **In cases in which a requester has been notified that actual or estimated fees amount to more than $25.00, the request shall not be considered received and further work shall not be done on it until the requester agrees to pay the anticipated total fee. . . .**  A notice under this paragraph will offer the requester an opportunity to discuss the matter with Department personnel in order to reformulate the request to meet the requester's needs at a lower cost.

28 C.F.R. § 16.11(e) (emphasis added).  The burden is on the requester to establish any entitlement to a fee waiver.  *See Larson v. C.I.A.*, 843 F.2d 1481, 1483 (D.C. Cir. 1988);

*McClellan v. Carlucci*, at 1287 (stating that conclusory statements will not support fee waiver request); *Durham v. U.S. Department of Justice*, 829 F.Supp. 428, 434 (D.D.C. 1993).

"When an agency is determining whether a fee waiver would be 'in the public interest,' the identity of the requester, his purpose for seeking the information, and the character of the information itself are proper factors for the agency to consider." *Larson v. C.I.A.*, 664 F. Supp. 15, 17 (D. D.C. 1987). If a requester plans to use the requested information primarily for personal gain, a fee waiver is inappropriate. *See id*. If the information sought is personal to the requester and does not pertain to issues of public interest, then a fee waiver should not be granted. *See id*. at 18; *see also Ely v. United States Postal Service*, 753 F.2d 163 (D.C. Cir. 1985) (denial of fee waiver proper where plaintiff was incarcerated and requested copies of files and documents concerning himself). Additionally, the court must consider the ability of the requester to disseminate the information to the interested general public. *See id*.

Considering the plaintiff's identity in the instant case, plaintiff is an inmate incarcerated in a federal correctional institution. Wahl Decl. Plaintiff's status as an inmate bears on his ability (or inability) to disseminate information. *See Larson v. CIA,* 664 F.Supp. 15, 18 (D.D.C. 1987) (citing *Allen v. FBI*, 551 F. Supp. 694 (D.D.C. 1982)). In *Larson*, the plaintiff was incarcerated and had no apparent connection to the media or access to facilities or personnel that might enable him to disseminate the requested information. *See id*. As in *Larson*, plaintiff in the instant case is incarcerated and with no apparent ability to disseminate information. In his administrative appeal, plaintiff did not state how he intended to disseminate the requested information, and he has not demonstrated any ability to disseminate the information to the general public. A.R. 08. *See Hoffman v. Internal Revenue Service*, at *3-4, No. 90-0459, 1991

6

U.S. Dist. Lexis 15436 (D.D.C. October 23, 1991) (no fee waiver where no indication how plaintiff, a prisoner, would distribute information to the general public).

Additionally, plaintiff has never set forth his purpose for seeking the information requested.  A.R. 01-05, 08.  In his requests to the agency, plaintiff states simply that the information is requested "for non-commercial purposes."  A.R. 01-05.  It would appear, based upon the nature of the information, that plaintiff intends to use the information for personal gain.  Notably, plaintiff requested copies of any and all documentation regarding four administrative tort claims he filed with the BOP.  A.R. 02.  Plaintiff would have difficulty demonstrating that this information would be of interest to the general public and is not for personal use or gain.  *See Ely v. United States Postal Service*, 753 F.2d 163 (D.C. Cir. 1985); *McClain v. United States Dep't of Justice*, 13 F.3d 220, 220-21 (7th Cir. 1993) (defendant seeking documents to serve his own interest in vindication not entitled to fee waiver); *Blakey v. Dep't of Justice*, 549 F. Supp. 362  (D.D.C. 1982), *aff'd*, 720 F.2d 215 (1983).  Additionally, plaintiff's requests for various BOP Program Statements and information about the mail room at FCI Gilmer (where he was incarcerated during the time he made his FOIA requests) likewise appear to be for personal use or gain, as plaintiff is an inmate in the custody of the BOP.  A.R. 01-05.  The character of the information requested is pertinent to the BOP and pertinent to administrative tort claims filed by the plaintiff.  A.R. 01-05.

Based upon the foregoing, and plaintiff's conclusory statement that the information requested is "in the public's interest and is likely to contribute significantly to the public understanding of the operations of the government," the BOP was correct in determining that plaintiff was not entitled to a fee waiver.  Plaintiff has made no credible showing of a

contribution to the public's understanding that would result from disclosure of the requested

information.  A.R. 06; *see Oglesby v. United States Department of the Army*, 920 F.2d 57, 66

n.11 (D. C. Cir. 1990).

      **C.**     **Plaintiff Does Not Qualify for a Fee Waiver Based on His Indigence**

It is well settled that without a showing of a public benefit, indigence alone is insufficient

to warrant a fee waiver.  *See, e.g., DeCato v. Executive Office for United States Attorneys*, No.

03-5044, 2003 WL 22433759, at *1 (D.C. Cir. Oct. 24, 2003) (reiterating that "this court has

held that indigence is not a justification for waiving fees" (citing *Ely v. United States Postal

Service*, 753 F.2d 163, 165 (D.C. Cir. 1985))); *Crooker v. Dep't of the Army*, 577 F. Supp. 1220,

1224 (D.D.C. 1984) (holding indigence alone does not automatically entitle requester to fee

waiver); *Rizzo v Tyler*, 438 F. Supp. 895 (S.D.N.Y. 1977) (same); *see also* S. Conf. Rep. No. 93-

1200, at 8 (1974), *reprinted in* 1974 U.S.C.C.A.N. 6285, 6287 (specific fee waiver provision for

indigents eliminated; "such matters are properly the subject for individual agency determination

in regulations").  Therefore, plaintiff's claims that he is indigent, standing alone, are insufficient

to entitle him to an automatic waiver of fees.

      **D.**     **Because Plaintiff Does Not Qualify for a Fee Waiver, Plaintiff Must Pre-Pay
The Required Copying and Search Fees In Order to Process His FOIA
Request**

Before any action is taken on his FOIA request, "plaintiff has an obligation to pay for the

reasonable copying and search fees assessed by the defendant." *Trueblood v. U.S. Dep't of the

Treasury*, 943 F. Supp. 64, 68 (D.D.C. 1996).  An agency is permitted to require that a requester

pre-pay before the agency will release documents pursuant to a FOIA request. *See id*.; *see also

Putnam v. United States Dep't Justice*, 880 F.Supp. 40, 42 (D.D.C. 1995); *Maydak v. United

8

*States Dep't of Justice*, 254 F. Supp.2d 23, 50 (D.D.C. 2003) (dismissing without prejudice because "plaintiff is obligated . . . to pay the fee or to seek from the agency either a fee waiver or a fee reduction.") (citing *Trueblood*, 943 F. Supp. at 68).

Plaintiff has failed to comply with the governing requirements that must be met before a fee waiver may be granted. Contrary to the public interest and other requirements set forth in 28 C.F.R. § 16.11(e), plaintiff's record request is wholly personal and his fee waiver argument is without merit.

## II.    The Court Should Not Consider Plaintiff's Argument on Aggregation

In his Complaint, plaintiff argues that BOP improperly aggregated his requests, noting that he treated them as separate and individual and that individually, each request is fewer than 100 pages and should be provided without charge. *See* Complaint at 3-4. Plaintiff, however, failed to raise this issue on appeal to the Office of Information and Privacy. A.R. 08. Plaintiff administratively appealed only the issue of the fee waiver based upon the lack of public interest involved in the requests. A.R. 08. Therefore, plaintiff did not exhaust his administrative appeal on this issue and this Court should not consider it. *See Cleary, Gottlieb, Steen & Hamilton v. Dep't. of Health and Human Services,* 844 F. Supp. 770, 779-80 (D. D. C. 1993) (plaintiff could not in district court raise a FOIA challenge that he failed to raise during the administrative appeal).

In any event, defendant properly aggregated plaintiff's requests pursuant to the applicable federal regulations. 28 C.F.R. § 16.11(h) provides as follows:

(h) *Aggregating requests.* Where a component reasonably believes that a requester or a group of requesters acting together is attempting to divide a request into a series of requests for the purpose of avoiding fees, the component may aggregate

those requests and charge accordingly. Components may presume that multiple requests of this type made within a 30-day period have been made in order to avoid fees. Where requests are separated by a longer period, components will aggregate them only where there exists a solid basis for determining that aggregation is warranted under all the circumstances involved. Multiple requests involving unrelated matters will not be aggregated.

28 C.F.R. § 16.11(h).  In the instant case, plaintiff's five requests were made within a twenty-four day time period: July 13, 2005, July 26, 2005, August 3, 2005, August 4, 2005, and August 5, 2005.  *See* A.R. 01-05.  Three of plaintiff's five separate requests sought only BOP Program Statements.  *See* A.R. 03-05.  Of the remaining two requests, one sought a BOP Program Statement and an organizational chart of the FCI Gilmer mail room, and the other sought "any and all information" regarding four administrative tort claims.  *See* A.R. 01-02.

Because plaintiff's five requests to BOP all occurred within a 24-day time period, with three of the five requests being made in a three day period, it was reasonable for defendant to aggregate the requests and charge for the requests pursuant to 28 C.F.R. § 16.11(h).  Plaintiff's argument that each of his requests should be treated separately and individually is not enough to overcome the presumption outlined in 28 C.F.R. § 16.11(h).

## CONCLUSION

For the foregoing reasons, the Complaint should be dismissed or, alternatively, summary judgment should be granted in favor of the defendant.

Respectfully  submitted,

_____Jeffrey A. Taylor_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_____Rudolph Contreras_____
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

_/s/ Sherease Louis_____
SHEREASE LOUIS
Special Assistant United States Attorney
United States Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530
202-307-0895/ FAX 202-514-8780
sherease.louis@usdoj.gov

**OF COUNSEL:**
Lara Crane, Esq.
United States Department of Justice
Federal Bureau of Prisons
Beckley, West Virginia

11

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GARY SMITH,** ) | |
| ) | |
| **Plaintiff,** ) | |
| **v.** ) | **Case Number: 06-1797 (RWR)** |
| ) | |
| **FEDERAL BUREAU OF PRISONS a/k/a** ) | |
| **DEPARTMENT OF JUSTICE,** ) | |
| ) | |
| **Defendants.** ) | |

## CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing Defendant's Motion To Dismiss Or, In The

Alternative, For Summary Judgment, Supporting Memorandum, Statement of Material Facts,

Administrative Record, Declaration of Sharon Wahl, and Proposed Order, has been made by mailing

copies thereof, first class postage prepaid, addressed to:

GARY L. SMITH, Register No. 52962-019
USP Coleman II
U.S. Penitentiary
P.O. Box 1034
Coleman, FL 33521

on this 2nd day of May, 2007.

/s/Sherease Louis
SHEREASE LOUIS
Special Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.,
Washington, D.C. 20530
(202) 307-0895

Index of the Administrative Record

Page

01.    Letter from Gary L. Smith to Federal Bureau of Prisons, FCI Beckley, dated July 13, 2005.

02.    Letter from Gary L. Smith to Federal Bureau of Prisons, FCI Beckley, dated July 26, 2005.

03.    Letter from Gary L. Smith to Federal Bureau of Prisons, FCI Beckley, dated August 3, 2005.

04.    Letter from Gary L. Smith to Federal Bureau of Prisons, FCI Beckley, dated August 4, 2005.

05.    Letter from Gary L. Smith to Federal Bureau of Prisons, FCI Beckley, dated August 5, 2005.

06.    Letter from Debbie Stevens, Supervisory Attorney, Federal Bureau of Prisons, FCI Beckley Consolidated Legal Center, dated August 30, 2005.

08.    Letter from Gary L. Smith to Office of Information and Privacy, United States Department of Justice, dated November 13, 2005.

09.    Letter from Gary L. Smith to Office of Information and Privacy, United States Department of Justice, dated November 13, 2005, regarding change of address.

10.    Letter from Priscilla Jones, Chief, Administrative Staff, Office of Information and Privacy, to Gary L. Smith, dated November 30, 2005, regarding Request No. 2005-07261.

11.    Letter from Priscilla Jones, Chief, Administrative Staff, Office of Information and Privacy, to Gary L. Smith, dated November 30, 2005, regarding Request No. 2005-07499.

12.    Letter from Priscilla Jones, Chief, Administrative Staff, Office of Information and Privacy, to Gary L. Smith, dated November 30, 2005, regarding Request No. 2005-07734.

13.    Letter from Priscilla Jones, Chief, Administrative Staff, Office of Information and Privacy, to Gary L. Smith, dated November 30, 2005 regarding Request No. 2005-07736.

14.    Letter from Priscilla Jones, Chief, Administrative Staff, Office of Information and Privacy, to Gary L. Smith, dated November 30, 2005, regarding Request No. 2005-07742.

15.    Letter from Daniel J. Metcalfe, Director, Office of Information and Privacy, to Gary L. Smith, dated July 31, 2006.

July 13, 2005

United States Department of Justice
FBOP - FCI Beckley
P.O. Box 1280
Beaver, WV 25813


RE: Freedom of Information Request


Dear Sirs:

Pursuant to Title 5 U.S.C. § 552, the Freedom of Information Act, and Title
5 U.S.C. § 552a, the Privacy Act, I am requesting disclosure and copies
of the following information:

- BOP Program Statement #5100.07
- Mail room Organizational Chart w/ Job Titles and detailed descriptions
  from FCI Gilmer

I am requesting this information for non-commercial purposes.  I am indigent
and unable to pay for this request.  Pursuant to Title 5 U.S.C. § 552(a)(4)
(A)(iii), I am requesint a waiver of any and all fees associated with the
production of the requested documents because disclosure is in the public's
interest and is likely to contribute significantly to the public understanding
of the operations of the governemnt.

If any part of this request cannot be disclosed, I am requesing, pursuant
to Title 5 U.S.C. § 552(b), that any reasonable, segregable portions be
provided after redaction of exempt portions.  Any redactings shall be indicated
on the released portions and the amount of information redacted shall be
indicated at the place where redaction has occured.

You may respond to this request to:  Gary L. Smith #52962-019
                                     P.O. Box 6000
                                     Glenville, WV  26351-6000

Pursuant to Title 5 U.S.C. § 552(a)(6)(A)(i), I am expecting a reply within
twenty (20) days upon receipt of this request.

thank you for your prompt attention to this matter.

Sincerely,

Gary L. Smith

01

July 26, 2005

United States Department of Justice
FBOP - FCI Beckley
P.O. Box 1280
Beaver, WV  25813


RE: Freedom of Information Request


Dear Sirs:

Pursuant to Title 5 U.S.C. § 552, the Freedom of Information Act, and Title
5 U.S.C. § 552a, the Privacy Act, I am requesting disclosure and copies
of the following information:

   - Any and all information regarding the following Tort Claim Numbers:

      - TRT-SER-2005-01799
      - TRT-SER-2004-05017
      - TRT-MXR-2005-03419
      - TRT-MXR-2005-03418

I am requesting this information for non-commercial purposes.  I am indigent
and unable to pay for this request.  Pursuant to Title 5 U.S.C. § 552(a)(4)(A)
(iii), I am requesting a waiver of any and all fees associated with the
productoin of the requested documents because disclosure is in the public's
interest and is likely to contribute significantly to the public understanding
of the operations of the government.

If any part of this request cannot be disclosed, I am requesting, pursuant
to Title 5 U.S.C. § 552(b), that any reasonable, segregable portions be
provided after redaction of exempt portions.  Any redactings shall be indicated
on the released portions and the amount of information redacted shall be
indicated at the place where redaction has occured.

You may respond to this request to:  Gary L. Smith #52962-019
                                      P.O. Box 6000
                                      Glenville, WV  26351-6000

Pursuant to Title 5 U.S.C. § 552(a)(6)(A)(i), I am expecting a reply within
twenty (20) days upon receipt of this request.

Sincerely,

Gary L. Smith

August 3, 2005

United States Department of Justice
FBOP - FCI Beckley
P.O. Box 1280
Beaver, WV  25813


RE: Freedom of Information Request


Dear Sirs:

Pursuant to Title 5 U.S.C. § 552, the Freedom of Information Act, and Title
5 U.S.C. § 552a, the Privacy Act, I am requesting disclosure and copies
of the following information:

- BOP Program Statement #5322.11
- BOP Program Statement #3510.08

I am requesting this information for non-commercial purposes.  I am indigent
and unable to pay for this request.  Pursuant to Title 5 U.S.C. § 552(a)(4)(A)
(iii), I am requesting a waiver of any and all fees associated with the
production of the requested documents because disclosure is in the public's
interest and is likely to contribute significantly to the public understanding
of the operations of the government.

If any part of this request cannot be disclosed, I am requesing, pursuant
to Title 5 U.S.C. § 552(b), that any reasonable, segregable portions be
provided after redaction of exempt portions.  Any redactings shall be indicated
on the released portions and the amount of information redacted shall be
indicated at the palce where redaction has occured.

You may respond to this request to:  Gary L. Smith #52962-019
                                     P.O. Box 6000
                                     Glenville, WV  26351-6000

Pursuant to Title 5 U.S.C. § 552(a)(6)(A)(i), I am expecting a reply within
twenty (20) days upon receipt of this request.

Thank you for your prompt attention to this matter.

Sincerely,

Gary L. Smith


03

August 4, 2005

United States Department of Justice
FBOP – FCI Beckley
P.O. Box 1280
Beaver, WV 25813

RE: Freedom of Information Request

Dear Sirs:

Pursuant to Title 5 U.S.C. § 552, the Freedom of Information Act, and Title 5 U.S.C. § 552a, the Privacy Act, I am requesting disclosure and copies of the following documents:

      – BOP Program Statement # 5880.28
      – BOP Program Statement # 1320.06

I am requesting this information for non-commercial purposes. I am indigent and unable to pay for this request. Pursuant to Title 5 U.S.C. § 552(a)(4)(A)(iii), I am requesting a waiver of any and all fees associated with the production of the requested documents because disclosure is in the public's interest and is likely to contribute significantly to the public understanding of the operations of the government.

If any part of this request cannot be disclosed, I am requesting, pursuant to Title 5 U.S.C.§ 552(b), that any reasonable, segregable portions be provided after redaction of exempt portions. Any redactions shall be indicated on the released portoins and the amount of information redacted shall be indicated at the place where redactino has occured.

You may respond to this request to:  Gary L. Smith #52962-019
                                      P.O. Box 6000
                                      Glenville, WV 26351-6000

Pursuant to Title 5 U.S.C. § 552(a)(6)(A)(i), I am expecting a reply within twenty (20) days upon receipt of this request.

Thank you for your prompt attention to this matter.

Sincerely,

Gary L. Smith

04

August 5, 2005

United States Department of Justice
FBOP - FCI Beckley
attn: Debbie Stevens
P.O. Box 1280
Beaver, WV  25813


RE: FOIA Requests 2005-06909, 2005-06910, 2005-06911, 2005-06912


Dear Ms. Stevens:

In regards to your letter dated Jule 22, 2005, I am unsure which request
goes with which number, as you did not specify.

Please accept this letter as a reformulated request.  I am requesting for
immediate disclosure, pursuant to my previous request:

- BOP Policy Statement #5162.04 (Categorization of offenses)
- BOP Policy Statement #5162.02 (Defination of Term - Crime of Violence)
- BOP Policy Statement #1380.05 (Disclosing Potential Impeachment
                                Information)

I am also requesting a break down of the remaining information so I can
make an informed decision on how to proceed.

You may respond to me at:  Gary L. Smith #52962-019
                           P.O. Box 6000
                           Glenville, WV  26351-6000

Thank you for your prompt attention to this matter.

Sincerely,

Gary L. Smith





U.S. Department of Justice

Federal Bureau of Prisons

*Beckley Consolidated Legal Center*

*1600 Industrial Park Road, P.O. Box 1280*
*Beaver, West Virginia 25813*

August 30, 2005

Gary Smith
Reg. No. 52962-019
FCI Gilmer
PO Box 6000
Gilmer, WV 26351-9500

RE:    FOIA Request Nos. 2005-07261, 2005-07499, 2005-07734, 2005-07736 and 2005-07742

Dear Mr. Smith:

This is in response to your recent Freedom of Information Act requests.    Specifically, you request a copy of Program Statements 1320.06, 1380.05, 3510.08, 5100.07, 5162.02, 5162.04, 5322.11, 5880.28, an organization chart with job titles and detailed descriptions from the mailroom, and copies of tort claims TRT-SER-2005091799, TRT-SER-2004-05017, TRT-MXR-2005-03419, TRT-MXR-2005-03418.

The purpose of this letter is to advise you that we anticipate the fee for your request to exceed $25.00, or the amount you have already agreed to pay.  Staff have identified approximately 757 pages responsive to your request.  The fee for copying these documents will be **approximately** $65.70. In accordance with provisions of Title 28, Code of Federal Regulations, § 16.11 (e) we are required to provide advance notice of any fee expected to exceed $25.00, or which exceeds an amount you have previously indicated a willingness to pay.  This provision also requires that we offer you the opportunity to reformulate your request to meet your needs at a lower cost.

Your request for a fee waiver is denied.  In accordance with Title 28, Code of Federal Regulations, Section 16.11, fee waivers are given when two conditions are met.  The first condition is that the requested information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government. Secondly, the requested information is not to be primarily in the commercial interest of the requester.

I am unaware of any significant public understanding of government operations or activities that would result from the release of the records you have sought.  See, Ely v. Postal Serv., 753 F.2d 163, 165 (D.C. Cir.), cert. denied, 471 U.S. 1106 (1985).  There must be some credible showing of a contribution to the public's understanding that would result from the disclosure.  Your request does not meet this criteria and is therefore denied.

06

Finally, indigence alone does not entitle you to a fee waiver.

You may appeal this decision to deny your fee waiver request to the Office of Information and Privacy, Department of Justice, Flag Building, Suite 570, Washington, D.C. 20530. Please mark your envelope and letter "Fee Waiver Appeal". Your appeal must be made within sixty days of your receipt of this letter.

We request that you either (1) advise us of your reformulated request or (2) send a check or money order payable to the U.S. Treasury in the amount of $65.70 to this office. Until we receive the information requested, Title 28, Code of Federal Regulations, § 16.11 (e) requires that we deem your request as not receipted.

Sincerely,

Debbie Stevens
Supervisor Attorney

for:

Richard W. Schott
Regional Counsel

November 13, 2005

Office of Information and Privacy
Department of Justice
Flag Building
Suite 570
Washington, DC  20530

RE: Appeal of FOIA Requests Nos. 2005-07261
                              2005-07499
                              2005-07734
                              2005-07736
                              2005-07742

Dear Sirs:

This is a formal notice of appeal to the denial of the above
referenced FOIA requests.

I have requested a waiver of fees for the above referenced
requests, which were denied.  I am appealing the decision to
deny my request based that my requests are not of significant
public understanding of government operatoins or activities.

Clearly, any rules and regulations that any government agency
operation is highly significant to the public.  For an agency
to say that it's own rules and regulations are not of any
significant public interest, is that same agency saying it
should be allowed to operate without any public oversight.

As a taxpayer and an American citizen, I am entitled to view
any and all rules and regulations that any government agency
operates under.

As stated above, I am requesting that the FOIA requests be
honored and responded to.

Thank you for your prompt attention to this matter.

Sincerely,

Gary L. Smith

Reply to: Gary L Smith #52962-019
P.O. Box 2068
Inez, KY 41224

* New Address *

OFFICE OF INFORMATION
AND PRIVACY

NOV 2 3 2005

RECEIVED

November 13, 2005

Office of Information and Privacy
Department of Justice
Flag Building
Suite 570
Washington, DC  20530

RE: FOIA Request Appeal Nos. 2005-06909 (05-2567)
                            2005-06910 (05-2568)
                            2005-06911 (05-2569)
                            2005-06912 (05-2570)

Dear Sirs:

This is to advise you of a change of address for the above
referenced numbered appeals.

My new address for you to respond to my FOIA request is:

    Gary L. Smith #52962-019
    P.O. Box 2068
    Inez, KY 41224

Thank you for your propmt attention to this matter.

Sincerely,

Gary L. Smith

09



*I'll X4*

**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

**NOV 3 0 2005**


Mr. Gary L. Smith
Register No. 52962-019
United States Penitentiary - Big Sandy
P.O. Box 2068
Inez, KY 41224

        Re:  Request No. 2005-07261

Dear Mr. Smith:

        This is to advise you that your administrative appeal from the action of the Federal Bureau of Prisons on your request for information from the files of the Department of Justice was received by this Office on November 23, 2005.

        The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours. In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number **06-0556**. Please mention this number in any future correspondence to this Office regarding this matter.

        We will notify you of the decision on your appeal as soon as we can. The necessity of this delay is regretted and your continuing courtesy is appreciated.

                                Sincerely,

                                Priscilla Jones
                                Chief, Administrative Staff

10



U.S. Department of Justice

Office of Information and Privacy

Telephone: (202) 514-3642

_Washington, D.C. 20530_

NOV 3 0 2005

Mr. Gary L. Smith
Register No. 52962-019
United States Penitentiary - Big Sandy
P.O. Box 2068
Inez, KY 41224

      Re:  Request No. 2005-07499

Dear Mr. Smith:

      This is to advise you that your administrative appeal from the action of the Federal Bureau of Prisons on your request for information from the files of the Department of Justice was received by this Office on November 23, 2005.

      The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours.  In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt.  Your appeal has been assigned number **06-0557**.  Please mention this number in any future correspondence to this Office regarding this matter.

      We will notify you of the decision on your appeal as soon as we can.  The necessity of this delay is regretted and your continuing courtesy is appreciated.

                Sincerely,

                Priscilla Jones
                Chief, Administrative Staff

*mγ←*



**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*

*Washington, D.C. 20530*
**NOV 3 0 2005**

Mr. Gary L. Smith
Register No. 52962-019
United States Penitentiary-Big Sandy
P.O. Box 2068
Inez, KY 41224

  Re:  Request No. 2005-07734

Dear Mr. Smith:

  This is to advise you that your administrative appeal from the action of the Federal Bureau of Prisons on your request for information from the files of the Department of Justice was received by this Office on November 23, 2005.

  The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours. In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number 06-0558. Please mention this number in any future correspondence to this Office regarding this matter.

  We will notify you of the decision on your appeal as soon as we can. The necessity of this delay is regretted and your continuing courtesy is appreciated.

            Sincerely,

            Priscilla Jones
            Chief, Administrative Staff



U.S. Department of Justice

Office of Information and Privacy

_Telephone: (202) 514-3642_          _Washington, D.C. 20530_

NOV 3 0 2005

Mr. Gary L. Smith
Register No. 52962-019
United States Penitentiary-Big Sandy
P.O. Box 2068
Inez, KY 41224

     Re:  Request No. 2005-07736

Dear Mr. Smith:

     This is to advise you that your administrative appeal from the action of the Federal Bureau of Prisons on your request for information from the files of the Department of Justice was received by this Office on November 23, 2005.

     The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours. In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number **06-0559**. Please mention this number in any future correspondence to this Office regarding this matter.

     We will notify you of the decision on your appeal as soon as we can. The necessity of this delay is regretted and your continuing courtesy is appreciated.

                Sincerely,

                Priscilla Jones
                Chief, Administrative Staff

13



**U.S. Department of Justice**

Office of Information and Privacy

*Telephone: (202) 514-3642*

*Washington, D.C. 20530*

NOV 3 0 2005

Mr. Gary L. Smith
Register No. 52962-019
United States Penitentiary-Big Sandy
P.O. Box 2068
Inez, KY 41224



     Re:  Request No. 2005-07742

Dear Mr. Smith:

     This is to advise you that your administrative appeal from the action of the Federal Bureau of Prisons on your request for information from the files of the Department of Justice was received by this Office on November 23, 2005.

     The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours.  In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt.  Your appeal has been assigned number **06-0560**.  Please mention this number in any future correspondence to this Office regarding this matter.

     We will notify you of the decision on your appeal as soon as we can.  The necessity of this delay is regretted and your continuing courtesy is appreciated.

        Sincerely,

        Priscilla Jones
        Chief, Administrative Staff

14



U.S. Department of Justice

Office of Information and Privacy

_Telephone: (202) 514-3642_                    _Washington, D.C. 20530_

**JUL 3 1 2006**

Mr. Gary L. Smith                    Re:  Appeal Nos. 06-0556, 06-0557, 06-0558,
Register No. 52962-019                    06-0559, 06-0560
United States Penitentiary                    Request Nos. 2005-07261, 2005-07499,
Post Office Box 2068                    2005-07734, 2005-07736, 2005-07742
Inez, KY 41224                    JGM:KM

Dear Mr. Smith:

You appealed from the fee waiver determination made by the Federal Bureau of Prisons (BOP) on your requests for access to records pertaining to several BOP program statements, various tort claims, and the organizational chart for the mail room at the Federal Correctional Institution-Gilmer.

Because the issues raised in your letter of appeal were based upon five separate requests you submitted to BOP,[1] this Office divided that letter into five separate appeals. However, because the issues raised on appeal are identical, this adjudication concerns each of the appeals listed above. The order in which the appeals are listed corresponds to the order of the requests listed above.

The statutory standard for evaluating fee waiver requests provides that fees shall be waived or reduced "if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii). In determining whether you have satisfied this statutory standard, I considered the six factors set out in the Department of Justice regulation that puts this statutory standard into effect. See 28 C.F.R. § 16.11(k) (2005) (copy enclosed).

On the basis of all of the information available to me, I am affirming the denial of your request for a waiver of fees. Although the records you seek concern the activities or operations of the government, and you do not appear to have an overriding commercial interest in the records, you have not satisfied other relevant factors.

To qualify for a fee waiver, you must make an adequate showing that release of the information to you is in the public interest. See Oglesby v. Dep't of the Army, 920 F.2d 57, 66 n.11 (D.C. Cir. 1990). You have not done so. In each of your five requests you emphasized that the information you

---

[1] These five letters are dated July 13, July 26, August 3, August 4, and August 5, 2005, with each letter requesting a portion of the above-identified records.

-2-

requested was "in the public's interest." Other than paraphrasing the statutory standard, however, you have provided no information that sufficiently explains how your requests meet the statutory public interest requirement. I refer in particular to the second, third, and fourth fee waiver factors described in the enclosure. See 28 C.F.R. § 16.11(k)(2)(ii), (iii), (iv). Importantly, you have not demonstrated in any way that you have both the intent and the ability, as is required by the third fee waiver factor, to disseminate the requested information to the public. Your failure to meet this factor is itself a sufficient basis for denying a request for a fee waiver request. See Larson v. CIA, 843 F.2d 1481, 1483 (D.C. Cir. 1988).

Further, in each of your request letters you place emphasis on your indigence or inability to pay for the requested records, implying that you are therefore entitled to a fee waiver. This is legally incorrect. It is well settled that your inability to pay alone does not constitute adequate grounds for a fee waiver. See, e.g., Ely v. USPS, 753 F.2d 163, 165 (D.C. Cir. 1985). Accordingly, your appeal is denied.

If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Daniel J. Metcalfe
Director

Enclosure

16

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

GARY SMITH,     )
          )
    **Plaintiff,**  )
          )  **Case Number: 1:06-01797**
v.         )
          )
FEDERAL BUREAU OF PRISONS a/k/a )
DEPARTMENT OF JUSTICE,  )
          )
    **Defendants.** )

## DECLARATION OF SHARON WAHL

In accordance with the provisions of Section 1746 of Title 28, United States Code, I, the undersigned, do hereby make the following declaration:

1. I am the Paralegal for the Beckley Consolidated Legal Center, located at the Federal Correctional Institution (FCI) Beckley, West Virginia.

2. The Beckley Consolidated Legal Center oversees legal matters arising at various Bureau of Prisons institutions, including matters that arise at FCI Gilmer, West Virginia.

3. As the Paralegal, I have access to SENTRY, the Federal Bureau of Prisons' online inmate information system, inmate Judgment and Commitment Files and Central Files. Additionally, I am responsible for processing incoming Freedom of Information Act (FOIA) requests.

4. Gary Smith, Federal Register Number 52962-019, is a federal inmate currently confined at the United States Penitentiary ("USP"), Coleman, Florida, also known as USP Coleman II.

5.    Inmate Smith's projected release date via good conduct time is August 30, 2019.

6.    In letters dated July 13, 2005, July 26, 2005, August 3, 2005, August 4, 2005, and August 5, 2005, Gary Smith, while an inmate at the Federal Correctional Institution ("FCI") Gilmer, West Virginia, requested various records from the Federal Bureau of Prisons pursuant to the Freedom of Information Act ("FOIA") and the Privacy Act.

7.    The requests included "any and all" information regarding four administrative tort claims filed by inmate Smith with the BOP, certain BOP Program Statements, and an organizational chart for the mail room at FCI Gilmer.

8.    My office processed the requests under FOIA and aggregated inmate Smith's requests.

9.    By letter dated August 30, 2005, my office advised inmate Smith that staff had identified approximately 757 pages responsive to his requests and that the approximate fee for copying would be $65.70.

10.   We therefore advised inmate Smith that pursuant to 28 C.F.R. § 16.11(e), he was being provided advanced notice that the expected fee would exceed $25.00.

11.   Additionally, inmate Smith was given the opportunity to reformulate his requests to meet his needs at a lower cost, or to forward a payment of $65.70.

12.   My office denied inmate Smith's request for a fee waiver, noting that he failed to meet the two conditions set forth in 28 C.F.R. § 16.11: (1) that the requested information is in the public interest; and (2) that the requested information is not primarily in the commercial interest of the requester.

13.   In the letter, we noted that there was no credible showing of a contribution to the

public's understanding that would result from disclosure of the requested records,

and that indigence alone does not entitle one to a fee waiver.

14.   Inmate Smith was further advised that his requests would be deemed not received

until receipt of either his reformulated request or payment of the requisite fees.

15.   Inmate Smith responded by filing an administrative appeal with the Department of

Justice Office of Information and Privacy, renewing his request for a fee waiver and

arguing that his requests were of significant public understanding of government

operations or activities.

16.   In a letter dated July 31, 2006, the Office of Information and Privacy affirmed the

denial of inmate Smith's request for a fee waiver, and informed him of his right to

seek judicial review of the decision.

17.   On October 18, 2006, inmate Smith filed the Complaint in the instant case.

I declare under penalty of perjury that the foregoing is true and correct to the best of

my knowledge.

Executed this 19th day of April, 2007.

Sharon Wahl
Paralegal
Beckley Consolidated Legal Center
Federal Bureau of Prisons

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **GARY SMITH,** | **)** |  |
|  | **)** |  |
| **Plaintiff,** | **)** |  |
| **v.** | **)** | **Case Number: 06-1797 (RWR)** |
|  | **)** |  |
| **FEDERAL BUREAU OF PRISONS a/k/a** | **)** |  |
| **DEPARTMENT OF JUSTICE,** | **)** |  |
|  | **)** |  |
| **Defendant.** | **)** |  |

## ORDER

UPON CONSIDERATION of Defendant's Motion to Dismiss, or, alternatively for Summary

Judgment, plaintiff's Opposition thereto, if any, and the entire record herein, it is on this

_____day of _____ , 2007,

ORDERED, that the said motion should be and hereby is granted; and it is

FURTHER ORDERED that plaintiff's complaint be and hereby is dismissed.


_____           _____
DATE                              RICHARD W. ROBERTS
                                  UNITED STATES DISTRICT JUDGE


Copies of this order to:
GARY L. SMITH, Register No. 52962-019
USP Coleman II
U.S. Penitentiary
P.O. Box 1034
Coleman, FL 33521