UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
GARY L. SMITH,                          )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )      Civil Action No. 06-1797 (RWR)
                                        )
FEDERAL BUREAU OF PRISONS,              )
                                        )
                                        )
            Defendant.                  )
_____)

MEMORANDUM OPINION

        Plaintiff, a federal prisoner, challenges the aggregation by the Bureau of Prisons

("BOP") of his Freedom of Information Act ("FOIA") requests "on various dates" for

"various program statements; various tort claims; and organizational chart (structure) of the

mail room at FCI Gilmer[,]" Compl. at 3, and BOP's denial of his fee waiver request.

Defendant moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) or for summary judgment

pursuant to Fed. R. Civ. P. 56.  Because defendant properly denied plaintiff's request for a fee

waiver and plaintiff failed to administratively exhaust his aggregation claim, summary

judgment will be entered for BOP on the fee waiver claim, and the aggregation challenge will

be dismissed.

BACKGROUND

        By letters dated July 13, 2005, July 26, 2005, August 3, 2005, August 4, 2005, and

August 5, 2005, plaintiff requested records from Beckley Federal Correctional Institution

("FCI") and a fee waiver.  Administrative Record ("A.R.") [Dkt. No. 12-2] at 1-5.[1]  By letter

_____
        [1] In the first letter, plaintiff requested BOP Program Statement 5100.07 and the mail
room organizational chart. Plaintiff next requested information pertaining to four
administrative tort claims.  In the latter three letters, plaintiff sought additional program
statements and BOP policy statements.

of August 30, 2005, BOP aggregated the individually numbered requests, informed plaintiff

that it had located approximately 757 pages of responsive records, assessed a copying fee of

approximately $65.70, and denied the fee waiver request. *Id.* at 6. Plaintiff was informed

that he could either reformulate his request to reduce costs or pay the assessed fee, or his

requests would be treated as never received. *Id.* at 7. Plaintiff was also advised of his right to

appeal the decision to the Office of Information and Privacy ("OIP"). *Id.* at 7. He appealed

the fee waiver denial, *id.* at 8, which the OIP affirmed on July 31, 2006, *id.* 15, but he did not

appeal the aggregation. *Id.* at 8. Plaintiff filed this action on October 18, 2006.


DISCUSSION

I. Aggregation

A FOIA requester "can seek judicial review [of an agency denial] only after he has

unsuccessfully appealed to the head of the agency . . . and thereby exhausted his

administrative remedies." *Oglesby v. U.S. Dep't of Army,* 920 F.2d 57, 61 (D.C. Cir. 1990).

Exhausting administrative remedies allows "the agency [the] opportunity to exercise its

discretion and expertise on the matter and to make a factual record to support its decision . . .

[and] the top managers of an agency to correct mistakes made at lower levels." *Id.* "[J]udicial

review of [unexhausted] claims is precluded[.]" *Id.* at 67.

Plaintiff contends that BOP's consolidation of his five separate requests precludes him

from receiving the first 100 pages of responsive pages to which he is entitled free of charge. But,

Department of Justice ("DOJ") regulations state that when:

> a component reasonably believes that a requester . . . is attempting to divide a request
> into a series of requests for the purpose of avoiding fees, the component may
> aggregate those requests and charge accordingly. Components may presume that
> multiple requests of this type made within a 30-day period have been made in order
> to avoid fees. Where requests are separated by a longer period, components will

> aggregate them only where there exists a solid basis for determining that aggregation is warranted under all the circumstances involved. Multiple requests involving unrelated matters will not be aggregated.

28 C.F.R. § 16.11. Although BOP has not asserted a reasonable basis for including the seemingly unrelated request of July 26, 2005, for "information regarding [four] Tort Claim Numbers," A.R. at 2, BOP did reasonably aggregate plaintiff's separate requests for BOP program statements and policy statements submitted over the course of three weeks. However, because plaintiff did not exhaust this claim at the administrative level, it will be dismissed.

II. Fee Waiver

Summary judgment is permitted only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). In a FOIA suit, an agency is entitled to summary judgment once it bears its burden of demonstrating through reasonably detailed affidavits or declarations that no material facts are in dispute with regard to its disclosure determinations. *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981) (citations omitted). To challenge such a showing, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

A fee waiver or reduction is warranted if the FOIA requester shows that "disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii); *accord* 28 C.F.R. § 16.11(k) (DOJ regulations). "[F]ee waiver requests must be made with reasonable specificity . . . and based on more than conclusory allegations." *Judicial Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1312 (D.C. Cir. 2003) (internal quotation marks and citation omitted). In

reviewing the agency's denial, "the court shall determine the matter de novo [based on] the record [that was] before the agency" at the time of its decision.  5 U.S.C. § 552(a)(4)(A)(vii).

In each request, plaintiff stated that he was seeking the information for non-commercial purposes, that he was "indigent and unable to pay for this request," and that "disclosure is in the public's interest and is likely to contribute significantly to the public's interest and is likely to contribute to the public understanding of the operations of the government."  A.R. at 1-5. Indigence alone is not sufficient to justify a fee waiver.  *See Ely v. United States Postal Service*, 753 F.2d 163, 165 (D.C. Cir. 1985) ("Prior decisions clearly tie fee waivers to public benefit.").  Plaintiff did not specify the public interest, identify the governmental activity or operation on which he intended to shed any light, or explain how disclosure of the requested information would contribute to the public's understanding of such activity or operation. Defendant rightly determined that plaintiff had not satisfied the factors for a fee waiver set forth at 28 C.F.R. § 16.11 (k)(2)(ii), (iii), (iv).[2]  A.R. at 15.  Moreover, plaintiff's failure to

---

[2]  "To determine whether the first fee waiver requirement is met, components will consider the following factors:

"(i) The subject of the request: Whether the subject of the requested records concerns "the operations or activities of the government." The subject of the requested records must concern identifiable operations or activities of the federal government, with a connection that is direct and clear, not remote or attenuated.

"(ii) The informative value of the information to be disclosed: Whether the disclosure is "likely to contribute" to an understanding of government operations or activities. The disclosable portions of the requested records must be meaningfully informative about government operations or activities in order to be "likely to contribute" to an increased public understanding of those operations or activities. The disclosure of information that already is in the public domain, in either a duplicative or a substantially identical form, would not be as likely to contribute to such understanding where nothing new would be added to the public's understanding.

"(iii) The contribution to an understanding of the subject by the public likely to result from disclosure: Whether disclosure of the requested information will contribute to "public understanding." The disclosure must contribute to the understanding of a reasonably broad audience of persons interested in the subject, as opposed to the individual understanding of the

(continued…)

state his ability and intention to disseminate the information to the public was "alone [] a sufficient basis for denying the fee waiver request." *Larson v. CIA*, 843 F.2d 1481, 1483 (D.C. Cir. 1988).

Because defendant properly denied plaintiff's fee waiver request, summary judgment will be entered for the defendant on that claim. Plaintiff will be required to pay the assessed fee before pursuing his FOIA requests or obtaining judicial review of unfavorable action thereafter. *See Oglesby,* 920 F.2d at 65-67; *Trueblood v. U.S. Dep't of Treasury, I.R.S.*, 943 F. Supp. 64, 68-69 (D.D.C. 1996) (citing *Pollack v. Dep't of Justice*, 49 F.3d 115, 120 (4th Cir.), *cert. denied*, 518 U.S. 1032 (1995)); *see also Judicial Watch, Inc. v. FBI*, 190 F. Supp.2d 29, 33 (D.D.C. 2002) (plaintiff's failure to pay fees deprived court of subject matter jurisdiction). A separate Order accompanies this Memorandum Opinion.

_____/s/_____
RICHARD W. ROBERTS
DATE: October 19, 2007            United States District Judge

---

[2](…continued)
requester. A requester's expertise in the subject area and ability and intention to effectively convey information to the public shall be considered. It shall be presumed that a representative of the news media will satisfy this consideration.

"(iv) The significance of the contribution to public understanding: Whether the disclosure is likely to contribute "significantly" to public understanding of government operations or activities. The public's understanding of the subject in question, as compared to the level of public understanding existing prior to the disclosure, must be enhanced by the disclosure to a significant extent. Components shall not make value judgments about whether information that would contribute significantly to public understanding of the operations or activities of the government is "important" enough to be made public." 28 C.F.R. § 16.11(k).